IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE GARCIA, | : | NO. 1:22-cv-01096-SES |
| Plaintiff | : | |
| | : | (U.S. Mag. Judge Schwab) |
| v. | : | |
| | : | |
| DAUPHIN COUNTY CHILDREN | : | *Electronically Filed* |
| AND YOUTH, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**DEFENDANT DAUPHIN COUNTY CHILDREN AND YOUTH'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Dauphin County Children and Youth ("DCYS") by and through its counsel Marshall Dennehey Warner Coleman & Goggin, and Donald L. Carmelite, Esquire, respectfully submit this Brief in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## I. PROCEDURAL HISTORY

Plaintiff commenced a civil action on July 14, 2022, by filing a Complaint in the United States District Court for the Middle District of Pennsylvania. *See* **ECF 1**. In the Complaint, Plaintiff solely named DCYS as Defendant. *Id*. On September 15, 2022, the Court scheduled a Rule 16.3(a) case management conference for October 13, 2022. *See* **ECF 11**.

1

II.     **STATEMENT OF FACTS**[1]

The allegations from the Complaint (**ECF 1**) viewed in the light most favorable to Plaintiff provides as follows. Plaintiff states that on September 11, 2021, DCYS, arrived at her home to take Plaintiff's children after receiving a call that she had been using drugs. **ECF 1,** *see* **page 3**. The children were then placed with their maternal grandmother where they stayed for five months followed by one month in foster care. ***Id***. As part of her child restoration process Plaintiff had to drug test three times a week and finish enrolling her daughter into school. ***Id***.

Moreover, Plaintiff alleges that she was instructed to sign blank releases which authorized a hired agency to gather all of her family's information and contact them for purposes of determining whether they could provide her support. ***Id***. Plaintiff asserts that approximately 50 or more individuals were contacted on both sides, which was in violation of a telephone conversation during which she disclosed that she desired this to remain a private matter and solely wanted her mother and sister involved. ***Id**., see* **pages 3-4**. No further information is provided as to the date of the communication or identity of the communicant.

Plaintiff alleges that her children were not treated adequately while in foster care however it is unclear whether this allegation is made against DCYS. For

---

[1] Defendant specifically denies that the factual recitation in Plaintiff's Complaint accurately represents the factual history of events giving rise to this litigation. Defendant will specifically challenge Plaintiff's recitation of facts and defend its interests from all claims asserted by Plaintiff if the relief sought in this Motion is not granted.

instance she claims that her children were "taught how to use a knife" to cut apples; instructed to "pee in a cup during bath time"; displayed signs of a "rash" and were "spanked". ***Id., see* pages 4-6**. Additionally, Plaintiff claims that her children's medical conditions were not addresses: one child developed "spoces" in the front and back of his head and water on the top of his head; and another child had a tumor in his neck which was not examined. ***Id., see* page 7**.

Plaintiff admits undergoing mental health issues linked to postpartum and anxiety after the birth of her latest child. ***Id., see* page 4**. In order to address this she took an intensive parenting class for 8 weeks, and attended therapy demonstrating that she is making a good faith effort. ***Id., see* page 5**.

Plaintiff has filed several complaints with the department of human services regarding their policies and procedures. ***Id., see* page 8**. However, it is unclear who these complaints were filed with. Moreover, Plaintiff raises concerns as she was informed that "they" do not do background checks. ***Id***. Once again it is unclear what this allegations is in reference to.

### III. <u>QUESTIONS PRESENTED</u>

1. *Should Plaintiff's claims be dismissed because Defendant is not a "person" subject to suit?*
   **Suggested Answer: In the affirmative.**

2. *Should Plaintiff's claims be dismissed because she failed to assert a viable claim for Monell or Individual liability?*
   **Suggested Answer: In the affirmative.**

3

## IV. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal and establish the grounds of her entitlement to relief, Plaintiff must plead "enough factual matter" to "nudge [her] claims across the line from conceivable to plausible." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Plaintiff is obligated to establish the grounds of her entitlement to relief with more than mere labels and conclusions. *Twombly*, 550 U.S. at 555 (quotations omitted).

Only a complaint that sets forth a claim which is plausible on its face will survive a motion to dismiss. *Id.* at 679. Although a valid complaint requires only a "short and plain statement of the claim showing that the pleader is entitled to relief;" Fed. R. Civ. P. 8(a)(2), the "plaintiff must at minimum state the operative facts underlying the claim." *Herman v. Carbon County*, 248 Fed. Appx. 442, 444 (3d Cir. 2007) (citations omitted). A claim is plausible only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678; 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556)).

4

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion under Rule 12(b)(6), the court must accept as true all well pleaded factual allegations, and draw all reasonable inferences in favor of the Plaintiff. *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001). However, the court "need not credit the non-movant's conclusions of law or unreasonable factual inferences." *Curay-Cramer v. Ursuline Academy of Wilmington, Delaware, Inc.*, 450 F.3d 130 (3d Cir. 2006) (citations omitted). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case," in addition to reviewing the facts plead in the complaint. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)) (emphasis added); *see also Hercik v. Rodale, Inc.*, No. 03-CV-6667, 2004 WL 1175734, at *1 (E.D. Pa. May 27, 2004). If the complaint and accompanying documents considered by the court fail to allege sufficient facts that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim is not facially plausible and it must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678.

V.   **ARGUMENT**

### A. DCYS is not a "person" subject to suit under 42 U.S.C. § 1983 in either federal or state court.

Pennsylvania law does not grant municipal departments and offices a legal existence separate and apart from the municipality of which it is a part. *See Monastra v. Delaware Cty. Sheriff's Office*, 49 A.3d 556, 558 (Pa. Commw. Ct. 2012) ("Because the Police Department and Sheriff's Office are not legal entities separate from their political subdivisions, the Police Department and the Sheriff's Office are not proper parties to this action"). Accordingly, "City agencies must be sued only in the name of the City." *HSP Gaming, L.P. v. City of Philadelphia*, 939 A.2d 273, n. 4 (Pa. 2007) (citing *City of Philadelphia v. Glim*, 613 A.2d 613, 616 (Pa. Commw. Ct. 1992)). The Supreme Court of Pennsylvania has held that City agencies should be stricken as parties because they cannot be sued as separate entities apart from the City itself. *See Id.* Consequently, under Pennsylvania law, municipal offices or commissions are not parties against whom litigation may be brought in any case. *Id.*

Third Circuit Courts have consistently held that Pennsylvania county Offices of Children and Youth Services are not independent entities that are capable of being sued. *See Nin v. Luzerne Cty. Children and Youth Servs.*, No. 3:17-CV-802, 2017 WL 4782650, at *3 (M.D. Pa. 2017) ("[T]he Court notes the abundance of case law that supports our finding that [Luzerne County CYS] is an agency of Luzerne County . . . ."); *Jackson v. County of Wayne*, 217 Fed.Appx. 103, 104 n.1 (3d Cir. 2007)

("Wayne County Children and Youth Services is an agency of the County of Wayne. It is not a legal entity separate and apart from Wayne County."); *Walthour v. Child and Youth Servs.*, 728 F.Supp.2d 628, 640-641 (E.D. Pa. 2010) ("the Court notes that departments of a county, e.g., the Delaware County Department of Children and Youth Services, do not have a separate corporate existence from the county and are therefore not entities capable of being sued under Section 1983") (citing *Padilla v. Township of Cherry Hill*, 110 Fed.Appx. 272, 278 (3d Cir. 2004)).

Accordingly, Plaintiff's claims against DCYS fail as a matter of law. Plaintiff sues only DCYS, which is not an "legal entity separate and apart" from Dauphin County and therefore, is not capable of being sued under Section 1983 or under state law theories of negligence. *See Walhour*, 728 F.Supp.2d at 640–41; *see also Monastra*, 49 A.3d at 558.

Therefore, all of Plaintiff's claims against Defendant fail as a matter of law and Plaintiff's Complaint must be dismissed.

**B. In the alternative Plaintiff has failed to assert a viable claim for *Monell* or individual liability.**

To the extent the Court finds that Plaintiff adequately sued the County despite suing the same, Plaintiff fails to plead a municipal liability claims. In *Monell v. Department of Social Services of the City of New York*, the Supreme Court held that a municipality may be held liable under 42 U.S.C. § 1983 for a constitutional injury that directly resulted from a municipality's policy, custom, or practice. *Monell v.*

7

*Department of Social Services of the City of New York*, 436 U.S. 658, 695 (1978) ("Monell" *supra* and *infra*).  Under *Monell,* a municipality cannot be subjected to liability solely because injuries were inflicted by its agents or employees. *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007).  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.  *Monell* 436 U.S. at 694.  An essential element of a *Monell* claim that there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation in order to establish municipal liability.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  A complaint that merely summarizes the law of municipal liability under § 1983, without more, is insufficient to set forth a viable *Monell* claim. *Heilman v. T.W. Ponessa & Assocs.*, No. 4:07-CV-1308, 2008 WL 275731, at *13–14 (M.D. Pa. Jan. 30, 2008), aff'd sub nom. *Heilman v. T.W. Ponessa And Assoc.*, No. 08-1667, 2009 WL 82707 (3d Cir. Jan. 14, 2009).

Crucially, a municipal entity does not cause a constitutional deprivation merely by hiring an alleged tortfeasor.  In short, "a municipality can be liable under §1983 only where its policies are the 'moving force [behind] the constitutional violation.'"  *City of Canton*, 489 U.S. at 386 (quoting *Monell,* 436 U.S. at 694).

8

While Plaintiff is not required to attach a written policy to her Complaint, the Third Circuit has held that Plaintiff must plead facts demonstrating Defendant is responsible either for enacting, implementing or engaging in a policy, custom or practice which constitutes or causes a constitutional violation *Phillips v. Cty. of Allegheny*, 515 F.3d at 233.  Conclusory allegations and a formulaic recitation of the elements of a municipal liability claim are insufficient. *Id*.

Plaintiff's complaint is void of any allegations supporting a municipal liability claim.  She fails to identify any policy, custom, or practice let alone one that is the moving force behind the alleged constitutional violation.

Further, Plaintiff doesn't establish an individual liability claim.  In order to establish individual liability in a Section 1983 claim, a plaintiff must establish an affirmative link between the individual defendant's conduct and the alleged violation. *See Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).  The defendant must have been personally involved in the deprivation of the plaintiff's rights. *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Here, Plaintiff must show that the Defendant participated in violating her rights.  *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990).

The Complaint lacks any facts tying her allegations with conduct of a specific individual.

Thus, having failed to meet this threshold, the Court must dismiss Plaintiff's Complaint.

## VI. <u>CONCLUSION</u>

For the reasons set forth above, Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

                                                      Respectfully submitted,

                                                     **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

Date: September 19, 2022        BY:  /s/Donald L. Carmelite, Esquire
                                                         Donald L. Carmelite, Esquire
                                                         PA Attorney I.D. No. 84730
                                                         100 Corporate Center Drive, Suite 201
                                                         Camp Hill, PA  17011
                                                         Ph: (717) 651-3504
                                                         Fax: (717) 651-3707
                                                         Email:  dlcarmelite@mdwcg.com
                                                         *Attorney for Defendant Dauphin County Children and Youth*

## **CERTIFICATE OF WORD COUNT COMPLIANCE**

I hereby certify that this Brief in Support of the Motion to Dismiss complies with the word limitation of 5,000 words. Excluding the cover page, tables, and certifications, but including its footnotes, this brief contains words as calculated by Microsoft Word.

*/s/Donald L. Carmelite, Esquire*
Donald L. Carmelite, Esquire

## CERTIFICATE OF SERVICE

I, Michele E. Neff, an employee of Marshall Dennehey Warner Coleman & Goggin, do hereby certify that on this 19th day of September, 2022, I served a copy of the foregoing document, and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure, by ECF notification and/or by depositing a copy of same in the United States Mail, first-class postage prepaid, addressed as follows:

>Nicole Garcia
>32G Hall Manor
>Harrisburg, PA  17104
>*Pro Se Plaintiff*

*s/Michele E. Neff*
Michele E. Neff